UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

20-CV-10942 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

    In light of the attached order, issued by Judge Edgardo Ramos in the matter of *Komatsu v. City of New York*, 1:20-CV-7046, 62 (S.D.N.Y. Jan. 5, 2021), the Court directs the Clerk of Court to administratively close this action.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 7, 2021
             New York, New York

                                                  COLLEEN McMAHON
                                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                  Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.,*

                  Defendants.

**ORDER**

20-CV-7046 (ER) (LEAD CASE)
20-CV-7502 (ER)
20-CV-8004 (ER)
20-CV-8251 (ER)
20-CV-8540 (ER)
20-CV-8933 (ER)
20-CV-9151 (ER)
20-CV-9154 (ER)
20-CV-9354 (ER)

Ramos, D.J.:

      The Court is in receipt of Plaintiff's letters dated December 30, 2020 and January 2, 2021. Docs. 59-61. The Court is also aware of a new Complaint filed by Plaintiff that has yet to be assigned to a judge in this District. *See Komatsu v. City of New York*, No. 20-cv-10942 (UA).

**I.   Filings in Komatsu v. City of New York, No. 20-cv-7046**

      Plaintiff makes several requests in his letters dated December 30, 2020 and January 2, 2021. Regarding the first December 30 letter (Doc. 59), Plaintiff has failed to show that the Second Circuit's decision in *Agudath Israel of America v. Cuomo*, No. 20-3572 (2d Cir. Dec. 28, 2020) constitutes controlling precedent sufficient to merit reconsideration of the Court's December 15 order imposing filing restrictions on Plaintiff. *See* Doc. 45, Doc. 59. *Agudath Israel of America* dealt with physical capacity limits in houses of worship, and found that Governor Cuomo's executive orders likely violated the Free Exercise Clause by imposing stricter capacity restrictions as applied to houses of worship than as applied to certain other secular activities. These facts bear no resemblance to the Court's December 15 order, which did not pertain to Defendant's Free Exercise rights and merely imposed reasonable page limit

restrictions on his voluminous filings after providing him with adequate notice and opportunity to be heard.

Plaintiff also requests immediate permission to file an amended complaint. Doc. 59-60. The request is denied because Plaintiff has already amended his complaint once as of right. *See* Fed. R. Civ. P. 15(a)(2).[1] The Court is thus entitled to weigh Defendants' views in determining whether to grant leave to amend again.

Plaintiff also requests leave to file more than 10 pages in reply to Defendants' December 21, 2021 letter response to his December 14 letter. *See* Docs. 44, 52, 61. The request is denied. In addition to being reasonable, the 10-page limit is consistent with the typical 10-page limit on reply memoranda of law permitted by this Court's Individual Practices. *See* Individual Practices B.i. Thus, even if the Court were to construe Plaintiff's submission as a reply brief to Defendants' letter response, Plaintiff has failed to show that he should be granted pages in addition to what other litigants would ordinarily receive.

## II. Plaintiff's Newly Filed Case, No. 20-cv-10942

Finally, on December 25, 2021 Plaintiff filed an 82-page complaint in another unassigned case, *Komatsu v. City of New York*, No. 20-cv-10942 (UA). This Complaint did not comply with the restrictions imposed in this Court's December 15, 2021 order. In relevant part, this Court's December 15, 2021 order required the following:

To seek permission to file a new action in this court, Plaintiff must:

a) Submit a **one-page** motion in this case titled "Motion for Leave to File a New Action" that explains why he should be permitted to file the new action or proceeding as opposed to submitting an amended pleading in this consolidated action; and

---

[1] Nothing about this Order prohibits Plaintiff from arguing that any claims relating to a January 8, 2018 public meeting relate back to his other claims in this case under Rule 15(c) in the event he is granted leave to file an amended complaint. The Court expresses no view on the merits of such an argument.

2

    b) Include a **one-page** statement, made under penalty of perjury, stating that the new claims are not frivolous or made in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

If the Court grants Plaintiff permission to file a new action, the complaint in that new action must not exceed **25 pages.** If the Court denies Plaintiff permission to file a new action, but instead directs Plaintiff to file an amended pleading in the consolidated action, the amended pleading must not exceed **25 pages.**

Doc. 45 at 3.

Thus, Plaintiff has failed to (1) seek leave to file a new action before doing so; (2) certify that the claims are not frivolous or brought in bad faith; and (3) comply with the applicable 25-page limit for new Complaints.

The Clerk of Court is therefore respectfully instructed to strike the Complaint in *Komatsu v. City of New York*, No. 20-cv-10942 (UA) for failure to comply with the Court's December 15, 2020 Order in this case.

### III. Conclusion

Plaintiffs' requests as set forth in docket numbers 59-61 in this case are DENIED.

The Clerk of Court is also respectfully instructed to strike the Complaint in *Komatsu v. City of New York*, No. 20-cv-10942 (UA) for failure to comply with the Court's December 15, 2020 order in this case. To seek leave to refile this Complaint, Plaintiff must submit a **one-page** motion in this case titled "Motion for Leave to File a New Action" that explains why he should be permitted to file the new action or proceeding as opposed to submitting an amended pleading in this consolidated action; and include a **one-page** statement, made under penalty of perjury, stating that the new claims are not frivolous or made in bad faith, that the lawsuit is not brought

3

for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules. Any new Complaint will be limited to **25 pages.** The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

It is SO ORDERED.

Dated: January 5, 2021
New York, New York

EDGARDO RAMOS
United States District Judge