USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                             Plaintiff,

            -against-

THE CITY OF NEW YORK, *et al.*,

                            Defendants.

20-CV-10942 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 14, 2021, the Court dismissed Plaintiff's claims against Defendants Clark, Chhikara, and Brady pursuant to the doctrine of prosecutorial immunity, Dkt. 18;

       WHEREAS on April 14, 2021, the Court referred this matter to the assigned Magistrate Judge for general pretrial management and for the preparation of a report and recommendation on any dispositive motions, Dkt. 17;

       WHEREAS on April 15, 2021, Mr. Komatsu filed a letter urging the undersigned to recuse herself from this matter ("Recusal Motion"), Dkt. 21;

       WHEREAS on April 17, 2021, Mr. Komatsu filed a letter objecting to the referral of this matter to the Magistrate Judge, which the Court construes as a motion to withdraw the reference to the Magistrate Judge ("Motion to Withdraw the Reference"), Dkt. 22;

       WHEREAS on April 17, 2021, Mr. Komatsu filed a motion for reconsideration of the Court's April 14, 2021 Order ("Motion for Reconsideration"), Dkt. 23;

       WHEREAS on April 19, 2021, Mr. Komatsu filed a letter motion seeking further relief, ("Letter Motion"), Dkt. 24; and

       WHEREAS "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006));

IT IS HEREBY ORDERED that Plaintiff's request for the undersigned's recusal is DENIED.  *See* Recusal Motion, Dkt. 21.  A judge is required to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The Second Circuit has interpreted 28 U.S.C. § 455 as asking whether "an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality," *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (cleaned up).  Mr. Komatsu argues that the undersigned's involvement in his criminal matter, *United States v. Komatsu*, 18-CR-671 (S.D.N.Y.), warrants recusal.  *See* Recusal Motion ¶¶ 2–3.  The undersigned was the assigned Judge on that federal criminal matter from September 25, 2018 to October 22, 2018, before the case was reassigned to Magistrate Judge Cott and then transferred to the United States District Court for the Eastern District of New York.  The criminal matter concerned Mr. Komatsu's alleged conduct with respect to SDNY Court Security Officers ("CSOs").  At the arraignment, in a discussion about the CSOs, the undersigned stated, "I will make sure that the CSOs understand that they should not attempt to engage in conversations with Mr. Komatsu about this case."  Tr., 18-CR-671, Dkt. 22 at 8.  The undersigned continued: "But, look, they have a job to do which is to protect the integrity of the courthouse.  I'm not going to intervene in their doing their job which is to make sure that visitors to the courthouse behave themselves appropriately."  *Id.* at 8–9.  No reasonable person, knowing all the facts, would question the undersigned's impartiality based on this statement.

Moreover, a "motion for recusal requires a showing of personal bias. Ordinarily, such a showing must be based on extrajudicial conduct not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994). Accordingly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). As the conduct Mr. Komatsu alleges to demonstrate bias clearly arose in the judicial context, the Court sees no basis for recusal. In short, as there are no circumstances in which the undersigned's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), Plaintiff's motion is denied.

IT IS FURTHER ORDERED that Mr. Komatsu's motion to withdraw the reference to the Magistrate Judge is DENIED. *See* Motion to Withdraw the Reference, Dkt. 22. While 28 U.S.C. § 636(b)(1)(A) excepts motions for injunctive relief from the list of pretrial matters that a judge may designate a magistrate judge to hear, 28 U.S.C. § 636(b)(1)(B) permits a judge to designate a magistrate judge to submit proposed findings and recommendations for the disposition of motions excepted in the preceding subsection. *See* 28 U.S.C. §§ 636(b)(1)(A)–(B). The Court has referred this matter to the Magistrate Judge for general pretrial management and for the preparation of a report and recommendation on any dispositive motions that ultimately may be filed. There is no prohibition on referring this matter under the statute. *See also Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17-CV-816, 2018 WL 4405606, at *2 (S.D.N.Y. Sept. 17, 2018) (construing a Magistrate Judge's order denying injunctive relief as a report and recommendation).

IT IS FURTHER ORDERED that Mr. Komatsu's motion for reconsideration is DENIED. *See* Motion for Reconsideration, Dkt. 23. Mr. Komatsu argues that this Court was wrong to

dismiss Plaintiff's claims against Defendant Clark, Chhikara, and Brady pursuant to the doctrine of prosecutorial immunity, because prosecutorial immunity does not apply to injunctive and declaratory relief. *See* Motion, Dkt. 23 ¶¶ 1-2. Mr. Komatsu is correct that prosecutors are not immune from suits seeking injunctive and declaratory relief. *See Li v. Lorenzo*, 712 F. App'x 21, 23–24 (2d Cir. 2017); *Shmueli v. City of New York*, 424 F.3d 231, 239 (2d Cir. 2005). But "[i]f a complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective, then such injunctive or declaratory relief is not barred by immunity." *Li*, 712 F. App'x at 23 (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). The relief Mr. Komatsu is seeking is not prospective because the "Bronx criminal case" that forms the subject of the complaint has ended. *See* Amended Compl., Dkt. 15 at 10, 15. Moreover, even if a declaration that the state prosecutors violated Mr. Komatsu's rights was prospective, the Eleventh Amendment would bar the district court from issuing it. *See Li*, 712 F. App'x at 23–24 ("A claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."). Accordingly, the Court sees no basis to reconsider its decision dismissing Plaintiff's claims against Defendants Clark, Chhikara, and Brady.

In his motion for reconsideration, Mr. Komatsu asks the Court to take judicial notice of various facts and caselaw. With respect to requests to take judicial notice of caselaw on the question of prosecutorial immunity, the Court need not take judicial notice of precedent in order to consider it. As discussed above, Mr. Komatsu's request to reconsider the Court's decision dismissing the prosecutor Defendants on the basis of prosecutorial immunity is denied. The remaining requests for judicial notice concern subjects that are unrelated to the Court's April 14, 2021 Order at Dkt. 18, and are thereby irrelevant to any request for reconsideration of that Order.

"Of course, a court can only sensibly take judicial notice of facts relevant to the matters before the court." *Anthes v. New York Univ.*, No. 17-CV-2511, 2018 WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018), *aff'd sub nom. Anthes v. Nelson*, 763 F. App'x 57 (2d Cir. 2019). *See also United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981). Accordingly, any request for judicial notice is denied.

IT IS FURTHER ORDERED that Mr. Komatsu's request that the Court state that it lied in its April 14, 2021 Order, at Dkt. 18, by declaring that any appeal would not be taken in good faith, is DENIED. *See* Motion for Reconsideration ¶ 2b. In the April 14, 2021 Order, the Court certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. In that context, good faith is demonstrated when a petitioner "seeks appellate review of any issue [that is] not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the reasons discussed in the April 14, 2021 Order and in this Order, the Court finds that any appeal would be frivolous. Accordingly, the Court declines to reconsider its Order denying Mr. Komatsu leave to proceed *in forma pauperis* on appeal. Nothing in this Order precludes Mr. Komatsu from applying to proceed *in forma pauperis* directly from the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1915(a)(1) (authorizing "any court" to grant leave to proceed *in forma pauperis*).

IT IS FURTHER ORDERED that Mr. Komatsu's request for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to add Judge Ramos as a Defendant is DENIED. *See* Motion for Reconsideration ¶ 4. "[T]he district court in its discretion should deny leave to amend where the amendment is clearly frivolous or lacking in merit on its face." *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, No. 86-CV-3369, 1990 WL

5

116741, at *2 (S.D.N.Y. Aug. 7, 1990).  The claims against Judge Ramos are meritless on their face.  Moreover, such claims are also blocked by the doctrine of judicial immunity.  Judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  As neither scenario is relevant to the matter at hand, Mr. Komatsu's request for leave to amend to add Judge Ramos as a Defendant is denied.  The Court reminds Mr. Komatsu that he was granted leave to amend his complaint naming the John and Jane Doe defendants.  *See* Order, Dkt. 18 at 4.

IT IS FURTHER ORDERED that Mr. Komatsu's request for a declaratory judgment that the Bronx Criminal Court protective order is void and for the New York State court system to provide him with a transcript in his criminal case is DENIED.  *See* Motion for Reconsideration ¶ 5.  Federal courts are not empowered to second-guess state court matters and the federal court does not have jurisdiction to order state courts to take particular actions.  *See Enter. Irr. Dist. v. Farmers' Mut. Canal Co.*, 243 U.S. 157, 164 (1917) ("Where . . . the [state court's] judgment does not depend upon the decision of any Federal question . . . we have no power to disturb it.")

IT IS FURTHER ORDERED that Mr. Komatsu's letter motion, at docket entry 24, is DENIED.  Mr. Komatsu first asks that the Court order the NYPD to stop certain conduct.  *See* Letter Motion ¶ 1.  This request reiterates Mr. Komatsu's requests for relief that form the basis of his underlying Amended Complaint.  The Court will consider the merits of Mr. Komatsu's amended complaint in due course and in the normal course of these proceedings.  Mr. Komatsu also requests that the Court enforce the American with Disabilities Act and other New York state law.  As these matters are not included in Mr. Komatsu's amended complaint and are irrelevant

to this litigation, the Court does not consider them.  In short, Mr. Komatsu's letter motion is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Komatsu and to note the mailing on the docket.

**SO ORDERED.**

Date:  April 23, 2021
       New York, NY

                                              **VALERIE CAPRONI**
                                              **United States District Judge**