USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

20-CV-10942 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on April 14, 2021, the Court dismissed Plaintiff's claims against certain Defendants and referred this matter to the assigned Magistrate Judge for general pretrial management and for the preparation of a report and recommendation on any dispositive motions, Dkts. 17, 18;

    WHEREAS Mr. Komatsu subsequently filed a motion for recusal ("Recusal Motion"), and an objection to the referral of the matter to the Magistrate Judge (which the Court construed as a motion to withdraw the reference to the Magistrate Judge ("Motion to Withdraw the Reference")), Dkts. 21, 22;

    WHEREAS on April 17, 2021, Mr. Komatsu filed a motion for reconsideration of the Court's April 14, 2021 Order ("First Motion for Reconsideration"), Dkt. 23;

    WHEREAS on April 19, 2021, Mr. Komatsu filed a letter motion seeking further relief, ("Letter Motion"), Dkt. 24;

    WHEREAS on April 23, 2021, the Court denied Mr. Komatsu's Recusal Motion, Motion to Withdraw the Reference, First Motion for Reconsideration, and Letter Motion, Dkt. 27;

WHEREAS on May 1, 2021, Mr. Komatsu filed a motion for reconsideration of the Court's order denying the recusal motion and seeking reconsideration of the Court's decision denying his First Motion for Reconsideration ("Second Motion for Reconsideration"), Dkt. 31; and

WHEREAS "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006));

IT IS HEREBY ORDERED that Plaintiff's request for reconsideration of the Court's decision denying his motion for recusal is DENIED. Mr. Komatsu discusses the federal criminal proceeding against him at length, *see* Second Motion for Reconsideration, Dkt. 31 ¶¶ 1–6, but those issues are not relevant to the motion for recusal. The undersigned has not taken any position as to what happened in Mr. Komatsu's criminal case, much of which transpired after the case was reassigned from the undersigned. The legal standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). While Mr. Komatsu has provided additional details about his criminal matter, none is relevant to the motion for recusal. As the Court did not overlook any data in deciding Mr. Komatsu's motion for recusal, the second motion for reconsideration is denied.

IT IS FURTHER ORDERED that Plaintiff's request for the Court to reconsider its decision denying the First Motion for Reconsideration is DENIED. There is nothing in the

SDNY local rules which "provides for multiple motions for reconsideration, and filing a successive motion for reconsideration with the same unsuccessful arguments wastes valuable Court resources." *See Lopez v. Bollweg*, No. 13-CV-691, 2017 WL 4677851, at *3 (D. Ariz. Aug. 28, 2017) (collecting cases). Moreover, "[a] motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). Because Mr. Komatsu has not identified an intervening change of controlling law, availability of new evidence, or any clear error, the Court denies the Second Motion for Reconsideration.

IT IS FURTHER ORDERED that to the extent Mr. Komatsu's Second Motion for Reconsideration is requesting additional relief, that request is DENIED for the same reasons discussed in the Court's April 23, 2021 Order, Dkt. 27.

IT IS FURTHER ORDERED that nothing in this order precludes Mr. Komatsu from appealing the Court's April 23, 2021 Order, which Mr. Komatsu has already done. *See* Notice of Appeal, Dkt. 28.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Komatsu and to note the mailing on the docket.

**SO ORDERED.**

Date: May 4, 2021
      New York, NY

                **VALERIE CAPRONI**
                **United States District Judge**