```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, *et al.*,

                        Defendants.

20-CV-10942 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on December 25, 2020, Mr. Komatsu, proceeding *pro se*, filed a complaint in this action alleging claims against the New York Police Department ("NYPD") and the Bronx District Attorney's office arising from an incident that occurred in December 2017, Compl., Dkt. 2;

       WHEREAS since the beginning of this litigation, Mr. Komatsu has repeatedly filed lengthy letters concerning matters unrelated to the claims in his complaint, *see e.g.*, Letter, Dkt. 24 (five-page letter discussing New York City policies with respect to outdoor dining structures and complaining about differences between then-existing COVID-19 restrictions for use of public libraries as compared to museums and zoos); Letters, Dkts. 31, 40, 41 (22, 13 and 13-page letters seeking an injunction based on past behavior of SDNY Court Security Officers ("CSOs") and an order requiring the United States Marshal Service ("USMS") to fire three particular CSOs within 24 hours); Letter, Dkt. 50 (six-page letter reiterating a request for an injunction prohibiting dining structures on New York City sidewalks and seeking an injunction based on events that occurred in Washington Square Park in mid-June 2021); Dkt. 64 (nine-page letter discussing his conversation with the General Counsel of the New York City Human Resources Administration and a hearing held by Judge Gregory Woods in *Butler v. City of New York*);

WHEREAS since the beginning of this litigation, Mr. Komatsu has repeatedly used disrespectful language and made inappropriate remarks in his filings, *see, e.g.*, Letter, Dkt. 21 (referring to judges in the Southern District as vile); Letter, Dkt. 22 (suggesting that the undersigned try her luck as a stand-up comedian); Letter, Dkt. 40 (noting that Plaintiff regretted not "reciprocally, creatively, and brilliantly resort[ing] to flatulence"); Letter, Dkt. 41 (refusing to refer to the undersigned as a judge until certain conditions are met); Letter, Dkt. 50 (stating that the undersigned and Judge Schofield have blood on their hands based on events occurring in Washington Square Park on June 18, 2021); Dkt. 58 (referring to the undersigned as an "utterly despicable con artist" and accusing Judge Schofield of being stupid and lazy);

WHEREAS Judge Ramos has imposed filing restrictions in a case also brought by Mr. Komatsu, to address Plaintiff's voluminous filings "and the Court's need to deter further abuse," *see Komatsu v. City of New York*, No. 20-CV-7502, 2020 WL 7251384, at *2 (S.D.N.Y. Nov. 17, 2020); Order, 20-CV-7502, Dkt. 45;

WHEREAS "a court's power to restrict the litigation of abusive and vexatious litigants is an ancient one," now codified at 28 U.S.C. § 1651(a), *see Komatsu*, 2020 WL 7251384, at *1 (citing *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)); *see also Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 35 (2d Cir. 2012);

WHEREAS a district court may impose filing restrictions if confronted with extraordinary circumstances including a demonstrated history by the party of vexatious filings, *see In re Neroni*, 639 F. App'x 9, 10–13 (2d Cir. 2015); *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir.1995);

WHEREAS "*pro se* litigants, in many cases, are entitled to special solicitude, but [are] not altogether excuse[d] [from] frivolous or vexatious filings," *see Eliahu v. Jewish Agency for*

*Israel*, 919 F.3d 709, 715 (2d Cir. 2019) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006));

WHEREAS a district court may not impose sanctions without providing notice and an opportunity to be heard, *see Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999); *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996);

WHEREAS district courts may impose "restrictions on future access to the judicial system," *Iwachiw*, 396 F.3d at 528, including prohibitions on obtaining *in forma pauperis* status, limitations on the filing of designated categories of cases, and the institution of a "leave of court" requirement with respect to future filings, *see In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993) (collecting cases that discuss each type of sanctions);

WHEREAS "[b]ecause of the potency of a court's inherent power, courts must take pains to exercise restraint and discretion when wielding it," *Truong*, 503 F. App'x 34 at 35, and must impose sanctions that are "no broader than necessary," *In re Neroni*, 639 F. App'x at 13;

WHEREAS on June 25, 2021, citing Mr. Komatsu's filings on unrelated topics and his persistent use of inappropriate and disrespectful language, the Court ordered him to show cause in writing, by no later than Thursday, July 15, 2021, why the Court should not enter an order requiring him to seek leave before making any further filings in this case and outlining what such requests for leave would be required to include, Order to Show Cause, Dkt. 53;

WHEREAS the Court explained that were it to impose such sanctions, any filings that Mr. Komatsu would submit that did not comply with the filing restrictions would not be considered by the Court, and the Clerk of Court would be directed to strike the filings from the docket, *id.*;

WHEREAS since filing the Order to Show Cause, Mr. Komatsu has continued to file lengthy letters concerning matters unrelated to the claims in his complaint, *see e.g.*, Letter, Dkt. 56 at 2 (five-page letter filed in multiple cases, copied to two other judges and two magistrate judges, ordering the undersigned to order the U.S. Attorney's Office to immediately arrest and criminally prosecute certain CSOs and members of the USMS); Letters, Dkt. 58, 64 (12 and nine-page letters, copied to several other judges and magistrate judges, further complaining about actions by the CSOs and urging various Judges to take action); Letter, Dkt. 64 at 4, 8–9 (nine-page letter sent to five judges and two magistrate judges alleging that metal barricades unlawfully blocked a public corridor between the Daniel Patrick Moynihan U.S. Courthouse and the New York State Supreme Court);

WHEREAS Mr. Komatsu has continued to use disrespectful and inappropriate language in his filings, *see e.g.*, Letter, Dkt. 55 at 3 (noting that he has "no reason to show respect to judges"); Letter, Dkt. 56 at 1 (referring to the undersigned by her first name and noting that he has "no business showing respect to those who certainly don't deserve it"); *id.* at 2 (noting that he has "no tolerance for that horseshit"); *id.* at 4 (referring to the "equally useless Colleen McMahon and Jed Rakoff"); *id.* (stating "do your damn job by immediately issuing the type of orders" demanded); Letter, Dkt. 58 at 1 (referring to the undersigned as "an utterly despicable con artist"); *id.* at 7 (noting that Judge Schofield has "stupidly and contumaciously refused to perform her . . . duty"); Letter, Dkt. 64 at 5 (exclaiming that the undersigned should "do your fucking job . . ."); *id.* (noting that his profanity "certainly is warranted" given that he must "continue to deal with this fucking bull shit"); Resp., Dkt. 72 at 4 (referencing his "justifiable hostility" towards the undersigned and other judges);

4

WHEREAS on July 2, 2021, Mr. Komatsu informed the Court that he had "no intention of complying with [the] 6/25/2021 order to show cause," Letter, Dkt. 56 at 3;[1]

WHEREAS on July 14, 2021, a day before the deadline to respond to the Order to Show Cause, Mr. Komatsu "demand[ed] a reasonable extension of time" to respond so that he could focus his efforts on filing a motion in one of his other cases, Letter, Dkt. 64 at 3;

WHEREAS on July 15, 2021, the Court granted Mr. Komatsu's request for an extension and adjourned his response deadline to July 21, 2021, Endorsement, Dkt. 66;

WHEREAS on July 15, 2021, Mr. Komatsu filed a response to the Order to Show Cause, Resp., Dkt. 67;[2]

WHEREAS in his July 15, 2021 response, Mr. Komatsu reiterated his complaints about certain CSOs and members of USMS, argues that the Court has the power to intervene on his behalf, and contends that such filings are relevant to the matters of this case, *id.* at 1–2, 3;

WHEREAS Mr. Komatsu also argues that he has "a First Amendment right to use what some may regard as crude and offensive expression in the context of remarks that criticize government personnel," Letter, Dkt. 56 at 5 (citing *Mahanoy Area Sch. Dist. v. B. L.*, 141 S. Ct. 2038, 2046 (2021)); *see also* Resp., Dkt. 67 at 2–3 (making a similar First Amendment argument);

WHEREAS on July 19, 2021, Mr. Komatsu requested a further extension of his deadline to respond to the Order to Show Cause so that he could focus on his other cases, Dkt. 68;

---

[1]     The Court informed Mr. Komatsu that it did not read his letter as a response to the Order to Show Cause and reminded him that his response to the Order, should he choose to make one, was due on July 15, 2021. *See* Endorsement, Dkt. 57.

[2]     It appears Mr. Komatsu sent his response to the *pro se* office for docketing before the Court's endorsement granting him a brief extension of the deadline was posted on the docket.

WHEREAS on July 20, 2021, the Court denied Mr. Komatsu's request for a further extension, noting that although one extension to work on his other cases may have been reasonable, the Court saw no reason to further extend the deadline, Endorsement, Dkt. 70;

WHEREAS on July 21, 2021, Mr. Komatsu filed another letter that purported to be a further response to the Order to Show Cause, in which he asserted that his litany of grievances concerning his alleged treatment by the CSOs and USMS are relevant to this litigation because they are analogous to the alleged treatment by the NYPD that forms the basis of his complaint, *see* Resp., Dkt. 72 at 4 ("This is analogous to how wars are fought.  In wars, different battles occur on different dates in different locations that involve some of the same and different people on different dates."), but also discussed two newspaper articles regarding conduct in two entirely unrelated cases and reiterated previously mentioned complaints about Judges Ramos and Schofield; and

WHEREAS on August 2, 2021, the Court re-referred this matter to Magistrate Judge Lehrburger for general pretrial management and for the preparation of reports and recommendations on any dispositive motions, Dkt. 78;[3]

IT IS HEREBY ORDERED that Mr. Komatsu is henceforth subject to filing restrictions in this case.  Mr. Komatsu continues to clog the docket with filings on irrelevant topics, chief among them being a long list of complaints about alleged incidents with CSOs and members of USMS.  As the Court has explained in numerous orders, the conduct of the CSOs and USMS are not relevant to the claims in Mr. Komatsu's complaint, which concern alleged violations of Mr. Komatsu's constitutional rights by the NYPD and the Bronx District Attorney's office in late

---

[3]   On April 14, 2021, the Court referred this matter to Magistrate Judge Lehrburger for general pretrial management and for the preparation of reports and recommendations on any dispositive motions.  Order, Dkt. 17. On July 23, 2021, the Court withdrew the reference to the Magistrate Judge.  Order, Dkt. 74.

2017.  *See* Endorsement, Dkt. 39 ("While Mr. Komatsu references actions taken by the SDNY CSOs at length in his filings, the conduct is not relevant to the core issues and claims he has identified in his Amended Complaint."); *see also* Endorsements, Dkts. 42, 52, 57, 70.  The fact that the conduct of the CSOs and USMS is allegedly similar to the conduct of the NYPD that forms the basis of Mr. Komatsu's complaint is of no moment.  The CSOs and members of USMS are not Defendants in this matter and accordingly, the Court does not — and will not — consider any alleged violations of law that Mr. Komatsu asserts were committed by actors that are not parties to this lawsuit.  Mr. Komatsu's incessant filings on the subject are vexatious and serve only to waste the court's time.

      Additionally, the use of disrespectful — and frankly foul — language also justifies the filing restrictions.  The Court's inherent power to impose sanctions "derives from the sage acknowledgment that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'"  *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir.1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  The Second Circuit has repeatedly upheld sanctions against parties who use disrespectful and inappropriate language.  *See, e.g.*, *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) (recognizing the court's inherent power to impose sanctions to address plaintiff's use of "offensive, abusive, and insulting language"); *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (noting that parties, including *pro se* parties, have an "obligation to respect the dignity of the proceeding and to comply with the orders of the district court" and that "[c]ourts can adjudicate disputes only when the parties present reasoned arguments rather than invective-laden diatribes.").

Moreover, the First Amendment is not a defense, nor does it excuse Mr. Komatsu's persistent use of foul language. *See Smith v. Krieger*, 389 F. App'x 789, 799 (10th Cir. 2010) (rejecting a *pro se* party's First Amendment objection to filing restrictions imposed by the district court and noting that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious") (internal citation omitted); *Sharwell v. Sherwin*, 234 F.3d 1269 (6th Cir. 2000) ("A district court has the authority to enjoin prolific litigants from filing pleadings unless they first obtain court approval, and such pre-filing restrictions do not violate the First Amendment."); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the first amendment.").

Mr. Komatsu has also received ample notice that the Court was considering imposing sanctions and he was given sufficient opportunity to be heard on the matter. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions.") (cleaned up). On June 25, 2021, the Court order Mr. Komatsu to show cause why the Court should not enter an order requiring him to seek leave before making any further filings in this case and outlining exactly what such filing restrictions would entail. *See* Order to Show Cause, Dkt. 53. The Court extended Mr. Komatsu's response deadline, giving him about one month to prepare his response. Endorsement, Dkt. 66.[4] And, in fact, Mr. Komatsu did respond on two separate

---

[4] A few days after the Court entered the Order to Show Cause, Mr. Komatsu filed a letter that the Court could have construed as his response. Letter, Dkt. 56. But to ensure that Mr. Komatsu was given ample opportunity to be

occasions to the Court's Order. *See* Resp., Dkt. 67; Resp., Dkt. 72. Accordingly, the Court finds that it has provided Mr. Komatsu with the required notice and opportunity to be heard before imposing sanctions.

Moreover, the Court finds that restrictions limited to Mr. Komatsu's filings in this matter are "appropriately narrow." *Bd. of Managers of 2900 Ocean Ave. Condo.*, 83 F.3d at 45. The filing restrictions are narrowly tailored to address the issues that the Court has identified: Mr. Komatsu's incessant filings on irrelevant topics and his use of disrespectful and inappropriate language. Although the Court remains free to consider additional sanctions— including dismissal of this action with prejudice — were those problems to continue, the Court finds that the limited filing restrictions are no broader than necessary to protect the Court and the Defendants from additional vexatious conduct.

IT IS FURTHER ORDERED that in light of these findings, Mr. Komatsu must seek leave of Magistrate Judge Lehrburger before making any further filings in this case. Such requests for leave must include: (a) a one-page motion titled "Motion for Leave to File" that explains why he should be permitted to file the letter or motion; and (b) a one-page statement, made under the penalty of perjury, stating (i) that the purpose of the submission is related to this litigation; (ii) that the submission is not frivolous or made in bad faith or for any improper purpose, including to harass or cause unnecessary delay, and (iii) that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

---

heard, the Court informed him that it did not read his letter as a response and that he was welcome to respond further in advance of the deadline. *See* Endorsement, Dkt. 57.

IT IS FURTHER ORDERED that any filings by Plaintiff that does not comply with the above filing restrictions will not be considered by the Court, and the Clerk of Court will be directed to strike the filing from the docket.

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

**Date: August 3, 2021**
**New York, NY**

                                          **VALERIE CAPRONI**
                                          **United States District Judge**