```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOWAKI KOMATSU,                                             :
                                                            :     20-CV-10942 (VEC) (RWL)
                         Plaintiff,                         :
                                                            :
           - against -                                      :     ORDER
                                                            :
THE CITY OF NEW YORK, et al.,                               :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/08/2021

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a civil rights case alleging false arrest, excessive force, malicious prosecution, retaliation for exercising First Amendment rights, and other related claims arising out of Plaintiff's encounter with police in 2017. Plaintiff, having previously been granted *in forma pauperis* status, requests appointment of pro-bono legal counsel. (ECF 7, 161.) His asserted grounds are that he lacks financial resources and he expects that the case likely will require "diligent forensics analysis of NYPD body-camera technology by experts to uncover indications of illegal evidence of tampering and destruction." (ECF 7 at 1.)

Indigent civil litigants do not have a constitutional right to legal representation. *Berrios v. New York City Housing Authority*, 564 F.3d 130, 134 (2d Cir. 2009); *see also Harris v. McGinnis*, No. 02-CV-6481, 2003 WL 21108370, at *1 (S.D.N.Y. May 14, 2003) ("Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel"). The Court does, however, have discretion to request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1); *Harris*, 2003 WL 21108370 at *1. Even so, "appointments of counsel are not to be granted indiscriminately." *Gray v.*

*Fidelity Investment*, 20-CV-718, 2020 WL 5942254, at *1 (N.D.N.Y. Oct. 6, 2020) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).

"Prior to evaluating a request for appointment of counsel, a party must demonstrate that they are unable to obtain counsel through the private sector or public interest firms." *Gray*, 2020 WL 5942254 at *1 (citing *Cooper*, 877 F.2d at 173-74). If the party has demonstrated that requirement, the court will go on to consider the request. To evaluate the merits of a request for appointment of counsel, the Second Circuit has explained: "[T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court then should consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

Plaintiff has not submitted any proof that he has even tried to independently obtain assistance of counsel. That alone is cause to deny Plaintiff's request. *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. April 22, 2013) (denying application for appointment of counsel because plaintiff failed to make independent effort to engage counsel); *see also Drew v. City of New York*, No. 15-CV-7073, 2016 WL 3745851, at *2 (S.D.N.Y. July 8, 2016) (denying appointment of counsel where, among other considerations, plaintiff contacted "only two attorneys in an effort to secure pro bono counsel").

Even if Plaintiff had made such a showing, appointment of counsel is not warranted at this time. The mere fact that a plaintiff lacks resources is a requirement for but hardly sufficient for appointment of counsel in a civil action. The only other reason raised by Plaintiff is that expert forensics of body camera technology is, in Plaintiff's view, likely to be needed. But that is entirely speculative at this juncture, where fact discovery has not even commenced. To date, Plaintiff has shown himself to be adept at investigating, arguing the facts and law, presenting his case, and otherwise advocating for himself.[1] None of the other relevant factors favor appointment of counsel at this time.

Plaintiff asserts that he previously has had a request for appointment of counsel approved in another case. (ECF 7 at 1, referencing *Komatsu v. City of New York*, No. 18-CV-3698 (LGS)(GWG) (S.D.N.Y.)) Plaintiff does not cite any filing number or otherwise identify any order approving his request in that other case. To the contrary, the Magistrate Judge in that case issued an order denying Plaintiff's request to have counsel appointed form him on the ground that the relevant factors and other papers filed in the matter did not warrant doing so. (*Komatsu*, 18-CV-3698, ECF 51 at 2-3.) Meanwhile, the same judge recommended dismissal of Plaintiff's case due to his repeated violation of numerous court orders. (*Komatsu*, 18-CV-3698, ECF 583 at 1.) That recommendation was subsequently adopted, and the case was dismissed. (*Komatsu*, 18-CV-3698, ECF 627.)

---

[1] For example, Plaintiff has filed a detailed, organized Second Amended Complaint asserting 31 causes of action that demonstrates his familiarity with the legal system. (Dkt. 151.)

3

Accordingly, Plaintiff's request is denied without prejudice; the Court will seek the appointment of counsel without further request from Plaintiff if future review of this matter demonstrates that the appointment of counsel is warranted.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 8, 2021
      New York, New York

Copies transmitted this date to all counsel of record.  The Clerk of Court is respectfully requested to mail a copy of this order to the pro se Plaintiff.