USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
: 
TOWAKI KOMATSU, :
                          Plaintiff, :     20-CV-10942 (VEC)
:
      -against- :
:     ORDER ADOPTING
:     REPORT &
THE CITY OF NEW YORK, *et al.*, :     RECOMMENDATION
                          Defendants. :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

    WHEREAS on December 25, 2020, Towaki Komatsu, proceeding *pro se*, filed a complaint against the City of New York, New York Police Department ("NYPD") officers, and others arising from an incident that occurred in December 2017, Compl., Dkt. 2;

    WHEREAS on April 14, 2021, the Court referred this matter to Magistrate Judge Lehrburger for general pretrial management and for the preparation of reports and recommendations on any dispositive motions, Order, Dkt. 17;

    WHEREAS on October 25, 2021, Plaintiff filed a Second Amended Complaint ("SAC"), which is the operative complaint in this matter, SAC, Dkt. 151;

    WHEREAS Plaintiff alleges 31 causes of action, including false arrest, excessive force, and malicious prosecution, *id.*;

    WHEREAS Plaintiff has repeatedly failed to comply with Court orders, as detailed by the Undersigned and Judge Lehrburger on multiple occasions, *see e.g.*, Orders, Dkts. 79, 101, 115, 120, 214; *see generally* R&R, Dkt. 283 at 3–11;

    WHEREAS Defendants asked Plaintiff to provide them with a signed HIPAA medical release so that they could obtain medical records from St. Barnabas Hospital covering the period

following the December 2017 incident that is at the heart of this lawsuit, Request, Dkt. 113; Mot., Dkt. 207;

WHEREAS Plaintiff has refused to provide the release, despite being ordered to do so by Judge Lehrburger, Order, Dkt. 222; *see also* Order, Dkt. 224 (overruling Plaintiff's objection to Judge Lehrburger's order); Order, Dkt. 232 (denying reconsideration of the order); Order, Dkt. 234 (denying Plaintiff's request to certify the issue for interlocutory appeal);

WHEREAS Plaintiff has been warned repeatedly that failure to comply with Court orders, including those related to the HIPAA medical release, will result in the dismissal of his case, *see e.g.*, Orders, Dkts. 120, 252 at 27, 214, 222;

WHEREAS on January 18, 2022, Defendants moved to dismiss the SAC, arguing that Plaintiff's failure to provide the HIPAA medical release justified dismissal pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure, Mot., Dkt. 236;

WHEREAS Plaintiff filed numerous responses to the motion to dismiss, *see e.g.*, Letters, Dkts. 237, 238, 239, 241, 276;

WHEREAS on April 21, 2022, Judge Lehrburger entered a thorough, well-reasoned R&R, recommending that the Court grant Defendants' motion to dismiss and that the case be dismissed with prejudice, R&R, Dkt. 283;

WHEREAS in the R&R, Judge Lehrburger notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, they had fourteen days to file written objections to the R&R's findings, *id.* at 25;

WHEREAS after receiving an extension of his time to file objections, *see* Orders, Dkts. 294, 303, on May 10, 2022, Plaintiff filed a 169-page document with an additional 33 pages of exhibits, which Plaintiff represented constituted his objections to the R&R, Objections, Dkt. 310;

WHEREAS on May 20, 2022, Defendants responded to Plaintiff's objections, Resp., Dkt. 311;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS "[o]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects," *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (cleaned up); *see also Andrews v. City of New York*, No. 19-CV-5622, 2022 WL 1711680, at *2 (S.D.N.Y. May 27, 2022) (finding that when "objections are not specific to . . . [the] R&R" or "otherwise irrelevant," they "do not merit *de novo* review");

WHEREAS most of Plaintiff's objections are entirely irrelevant to Judge Lehrburger's findings in his R&R, *see e.g.*, Objections, Dkt. 310 at 4–5, 12–14, 23, 29–32, 36, 57, 63–64, 67, 72–73, 80–81, 101–02, 121, 137, 139–40, 148, 152, 163–69 (discussing his other cases, background information about his life, and unrelated issues pertaining to the background and procedural history of this case); *id.* at 2–3, 8, 15, 34–35, 47, 49, 50–53, 57–59, 62, 72, 74–75, 78–79, 87–88, 95, 108, 134–39, 141, 146, 149, 150–51, 154–56, 159, 161–63 (asserting that Judge Lehrburger and the Undersigned are biased against him and otherwise maligning the judiciary); *id.* at 5–8, 15, 18, 24–25, 30–31, 44, 47, 54, 66–69, 138, 146, 151, 161 (attempting to justify Plaintiff's own sanctionable behavior by contending that he was provoked or retaliated against); *id.* at 70–72 (arguing that Plaintiff has a right to use obscene language in court filings

despite Judge Lehrburger expressly stating, *see* R&R, Dkt. 283 at 5 n.1, that his findings and recommendations were not based on Plaintiff's use of disrespectful and foul language);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] . . . the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS even where Plaintiff's objections are related, albeit tangentially, to Judge Lehrburger's R&R findings, they are simply rehashed arguments that were already considered and rejected by Judge Lehrburger and the Undersigned, *compare* Objections, Dkt. 310 at 8–12, 18, 37, 39–40, 46, 79–80, 83–84, 87, 89–100, 103–23, 137–38, 142–45, 153, 156–58 (restating facts and legal conclusions previously alleged about the case, including that Judge Lehrburger erred in directing Plaintiff to submit medical records) *with* Plaintiff Letters, Dkts. 72, 133, 138, 151, 154, 224–25, 229, 237, 259, 279–80, 297, 298 (articulating the same arguments) *and* Orders, Dkts. 106, 137, 140, 149, 159, 222, 226, 232, 234, 262, 273, 300, 305 (acknowledging and rejecting those arguments); *compare* Objections, Dkt. 310 at 5, 6, 19–22, 26–28, 33–34, 45, 66–67, 68–71, 88, 137, 138–39, 145, 146, 148–49, 156 (arguing that the Court's prior orders imposing filing restrictions violated Plaintiff's rights protected by the First and Fourteenth Amendments) *with* Letters, Dkts. 58, 142, 156, 188, 202, 210, 229, 279–80, 288, 291 (articulating the same arguments) *and* Orders, Dkts. 61, 159, 191, 204, 212, 232, 281, 290, 294 (rejecting those arguments);

WHEREAS given that all of Plaintiff's objections are either irrelevant or repetitive, the Court reviews the R&R for clear error;

4

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendants' motion to dismiss is GRANTED, and this case is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's letters, at docket entries 315, 316, 317, and 318, were filed in violation of the Court's filing restrictions and are stricken.  *See* Endorsement, Dkt. 281.

IT IS FURTHER ORDERED the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to strike Plaintiff's recent letters (Dkts. 315, 316, 317, and 318) from the docket.  The Clerk is further directed to terminate all open motions, to close this case, to mail a copy of this Order to the *pro se* Plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

Date:  June 17, 2022
       New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**